# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| EVELYN GILLMAN, | : | |
| Plaintiff, | : | Case No. 2:16-cv-00731 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| COMMISSIONER OF SOCIAL SECURITY, | : | Magistrate Judge Deavers |
| Defendant. | : | |

## OPINION & ORDER

This matter comes before the Court on Plaintiff Evelyn Gillman's ("Gillman") Objection to Magistrate Judge Deavers's August 3, 2017 **Report and Recommendation** (Doc. 16). Upon independent review by this Court, and for the reasons set forth below, Gillman's Objection is hereby **OVERRULED**. The Court **ACCEPTS** and **AFFIRMS** the Magistrate Judge's **Report and Recommendation**.

## I. BACKGROUND

Gillman applied for social security benefits on March 5, 2013. She alleges that she has been disabled since December 7, 2012. After initial administrative denials of her application, Administrative Law Judge Montgomery (the "ALJ") conducted a hearing on February 13, 2015. On June 8, 2015, the ALJ issued a decision finding that Gillman was not disabled within the meaning of the Social Security Act.

In his opinion denying benefits, the ALJ conducted the required five-step sequential analysis for a disability benefits claim established by the Social Security Administration. *See* 20

C.F.R. § 416.920(a)(4).[1]  At step one, the ALJ determined that Gillman has not engaged in substantial gainful activity since December 7, 2012, her alleged onset date.

At step two, the ALJ found that Gillman had severe impairments including spina bifida; degenerative disc disease of the cervical and lumbar spine; arthritis of the right hip; degenerative changes of the right shoulder; diabetes mellitus; and obesity.  The ALJ also found non-severe impairments including GERD; hypertension; conjunctivitis of the eyes; mild obstructive sleep apnea; and stress incontinence.

At step three, the ALJ further found that these impairments, singly or in combination, did not meet or medically equal one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.

---

[1] The five sequential steps are as follows:

> (i) At the first step, we consider your work activity, if any.  If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s).  If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s).  If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work.  If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work.  If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 416.920(a)(4).

Next, the ALJ found that Gillman had the residual functional capacity ("RFC") to perform sedentary work with certain limitations.[2] The ALJ's assessment of Gillman's medical impairments and her RFC determined that while Gillman's impairments could reasonably be expected to produce her symptoms, the symptoms were not frequent, enduring, or severe enough to reduce Gillman's RFC or to preclude all work activity.

The ALJ's determination of Gillman's RFC was based on a consideration of Gillman's symptomology and the extent to which her symptoms were consistent with the objective medical evidence. The ALJ also examined opinion testimony from Gillman, and opinion testimony from several consultants and physicians.

Upon evaluating the totality of the record and determining that Gillman's symptoms were not substantiated by the objective medical evidence, the ALJ then weighed both Gillman's credibility and each of the treating and evaluating consultants' and physicians' medical opinions.

First, the ALJ determined that the objective medical evidence was inconsistent with the severity of pain and degree of functional limitations alleged by Gillman. The ALJ substantiated this finding by noting that despite Gillman's claims of debilitating and severe pain, Gillman sought intermittent treatment and care. Additionally, Gillman's alleged symptoms were inconsistent with her stated ability to perform activities in daily life, such as chores and shopping.

---

[2] The ALJ found that Gillman can lift and/or carry up to ten pounds frequently; Gillman can stand and/or walk for periods of thirty minutes, not exceeding four hours out of the eight hour workday; Gillman can occasionally climb ramps and stairs and kneel, stoop, crouch, and crawl; and Gillman can sit for six hours out of the eight hour workday. However, the ALJ found that Gillman was limited in that she can never climb ladders, ropes, or scaffolds.

The ALJ next assigned little weight to the opinion assessments of the state agency consultants who opined that Gillman could perform light work with occasional stooping, kneeling, crouching, and crawling, finding this opinion inconsistent with the entire record. The ALJ noted that the objective medical evidence reflects that Gillman is restricted to sedentary lifting due to her arthritic right shoulder, as well as limited to thirty minutes of standing or walking at a time due to her diabetes mellitus (which causes neuropathy in her feet).

The ALJ also assigned little weight to the opinion assessment of Gillman's treating physician—Dr. Haggenjos—because his opinion that Gillman could not work due to a permanent and total disability was inconsistent with the objective medical record.

The ALJ assigned some weight to the opinion of the state-agency consultative examiner, Dr. Simpson, because his opinion was deemed to be consistent with the entire record. Dr. Simpson determined that while Gillman had mild limitations in standing, walking, and lifting, as well as occasional postural restrictions, Gillman had no manipulative limitations.

The ALJ then applied Gillman's RFC at both step four and step five. At step four, the ALJ found that Gillman's RFC does not preclude all work activity and that Gillman is capable of performing her past relevant work as a director of nursing. The ALJ based this finding primarily on vocational expert ("VE") testimony, which noted that a director of nursing position is performed at the skilled, sedentary level (per the *Dictionary of Occupational Titles* ("DOT")) and that a hypothetical individual with Gillman's limitations would be able to successfully perform in this position. At step five, the ALJ found that based on Gillman's RFC, and given her age, education, and work experience, Gillman has acquired transferable skills that would allow her to perform occupations that exist in significant numbers in the national economy, such as case worker, claims examiner, and insurance clerk.

Based on this five-step sequential analysis, the ALJ found that Gillman was not disabled under the Social Security Act.

The Appeals Council denied Gillman's request for review of the ALJ's determination on May 31, 2016, thereby rendering the ALJ's benefits-denial decision the Commissioner's final agency action. Gillman then filed suit in federal court, alleging in her Statement of Errors that the ALJ's finding was incorrect for three reasons. First, Gillman argued that the ALJ's decision should be reversed because the ALJ erroneously found at step four that Gillman could continue to perform her past work activity. Specifically, Gillman argues that her previous position as director of nursing is a "composite job"[3] and therefore "it is impossible to ask whether an individual retains the capacity to perform the functional demand requirements of the occupation as usually or generally performed in the national economy." (Doc. 8, PageID 535). Second, Gillman alleged that the ALJ's decision should be reversed because he relied on an internal contradiction at step five in making his non-disability conclusion. Gillman noted that the ALJ stated in his RFC determination that "while there may have been brief periods during which the claimant was more restricted, there has been no 12-month period during which she could not perform work as described above." (*Id.*). Gillman maintains that this statement acknowledges that during the alleged disability period, she was unable at times to sustain sedentary work activity, which should have resulted in a finding of disability. Lastly, Gillman argues that the ALJ's decision that she was not entirely credible was not supported by substantial evidence.

On August 3, 2017, the Magistrate Judge recommended that this Court overrule Gillman's Statement of Errors and affirm the Commissioner's denial of benefits. Regarding

---

[3] A composite job is an occupation which contains significant elements of two or more occupations and therefore does not comport with a specific occupation in the DOT.

Gillman's first error, the Magistrate noted that the ALJ's decision was supported by substantial evidence because the ALJ was entitled to rely on VE testimony that did not identify Gillman's position as a composite job. Similarly, the Magistrate rejected Gillman's second alleged error, noting that in order to prove disability, Gillman was required to demonstrate that her impairments were "expected to result in death or . . . have lasted or can be expected to last for a continuous period of not less than 12 months." (Doc. 16, Page ID 580 (citing C.F.R. § 404.1505)). The Magistrate determined that Gillman failed to introduce evidence that contradicted the ALJ's finding that Gillman's impairments did not last for a continuous period of twelve months. Lastly, the Magistrate rejected Gillman's third error and determined that the ALJ properly followed the required two-step process for analyzing Gillman's credibility.

Thus, the Magistrate recommended to this Court that Gillman's statement of errors be overruled and judgment be entered in favor of the Commissioner. Gillman timely objected.

## II. STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if

this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

## III. ANALYSIS

Gillman objects to the Magistrate Judge's Report and Recommendation on the ground that the ALJ erred in determining at step four that Gillman was capable of performing her past position as a director of nursing. Gillman requests that the Court reverse the Commissioner's denial of her benefits claim because of this alleged error.

### A. The ALJ's Step Four Determination Is Supported by Substantial Evidence Because the ALJ Appropriately Relied on VE Testimony.

Gillman objects to the Magistrate Judge's recommendation regarding the ALJ's determination at step four of the RFC analysis that Gillman can perform her past relevant work as a director of nursing. Specifically, Gillman alleges that her position, as actually performed, was a composite job that occasionally elevated from a light, sedentary exertional level to a heavy exertional level, and thus she is unable to perform all aspects of her position. As the ALJ's decision at step four was based primarily on VE testimony, Gillman argues that "even though the vocational expert did not expressly classify Ms. Gillman's past relevant work as a composite job, her testimony indicates that it is." (Doc. 17, Page ID 588). Reviewing the record in its entirety, this Court disagrees with Gillman and finds substantial evidence in the record to support the ALJ's determination at step four that Gillman is capable of performing her past position as a director of nursing.

The ALJ appropriately relied on the VE's testimony in reaching his conclusion at step four that Gillman's RFC would not preclude her from performing her past relevant work as a director of nursing. The VE did not expressly testify at any point that Gillman's past relevant

work constituted a composite job. *See Leeson v. Comm'r of Soc. Sec.*, Case No. 2:14-cv-335, 2015 U.S. Dist. LEXIS 122150, *54 (S.D. Ohio Sept. 14, 2015) (holding that Plaintiff's argument that her position was composite was unavailing because the "VE did not testify that Plaintiff's past relevant work consisted of composite jobs."). Instead, the VE testified that Gillman was capable of performing her past work as a director of nursing, both as described by the DOT and as Gillman had actually performed the position per her testimony. (Doc. 7, PageID 110). Relying on this VE testimony, the ALJ appropriately compared Gillman's RFC to her position as a director of nursing as she described it and concluded that her limitations would not preclude her from performing all the components of the position and returning to work. *See Hurley v. Comm'r of Soc. Sec.*, Case No. 1:13-cv-913, 2015 U.S. Dist. LEXIS 26686, *32 (S.D. Ohio March 3, 2015) ("[E]ven assuming the . . . job is appropriately characterized as a 'composite job,' the ALJ could properly compare plaintiff's RFC to the . . . job as plaintiff actually performed the job and determine whether plaintiff was capable of performing all components of the job."). Thus, the ALJ's determination is supported by substantial evidence because it was reasonable and appropriate for the ALJ to rely on VE testimony in concluding that Gillman was able to perform her past relevant work.

In addition, this Court agrees with the Magistrate that Gillman is barred from asserting this error as grounds for relief at this stage because Gillman failed to challenge the VE's testimony during the hearing. (*See* Doc. 7, PageID 113); *see also Stevens v. Comm'r of Soc. Sec.*, Case No. 2:14-cv-2186, 2016 U.S. Dist. LEXIS 21067, *38 (S.D. Ohio March 24, 2016) (holding that where the Plaintiff's attorney did not "question or object to the VE's characterization of Plaintiff's past work . . . Plaintiff may not now complain because the ALJ relied upon the VE's description of Plaintiff's past work.").

As explained more thoroughly in the Report and Recommendation, the ALJ's conclusion fairly and appropriately relied on VE testimony indicating that Gillman could perform her past position as a director of nursing, both under the DOT description and as Gillman actually performed it. Additionally, Gillman is precluded from raising this issue because she failed to challenge the VE's characterization of her past work during the hearing. Accordingly, the Court **ACCEPTS** the Magistrate Judge's Report and Recommendation on this point and **AFFIRMS** the Commissioner's decision.

## IV.  CONCLUSION

For these reasons, the Court **ACCEPTS** and **AFFIRMS** Magistrate Judge Deavers's **Report and Recommendation** (Doc. 16), thereby **OVERRULING** Gillman's objection (Doc. 17). The Commissioner's denial of benefits is **AFFIRMED**. This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

           /s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  September 28, 2017**